**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| SEARINA LONDON<br>2804 Pinewood Lane<br>Harrisburg, PA 17110 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : | No.:_____ |
| v. | : <br> : <br> : | **JURY TRIAL DEMANDED** |
| MASONIC VILLAGES OF THE GRAND<br>LODGE OF PENNSYLVANIA d/b/a<br>MASONIC VILLAGE AT ELIZABETHTOWN<br>1 Masonic Drive<br>Elizabethtown, PA 17022 | : <br> : <br> : <br> : <br> : | |
| Defendant. | : <br> : <br> : | |

## CIVIL ACTION COMPLAINT

Ms. Searina London ("Plaintiff," or "Ms. London,") by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Ms. London has initiated this action to redress violations by Masonic Villages of the Grand Lodge of Pennsylvania d/b/a Masonic Village at Elizabethtown ("Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 *et. seq*.), Fair Labor Standards Act ("FLSA" - 29 U.S.C. 201, et seq.), Pennsylvania Minimum Wage Act (43 P.S. §§ 333.101 et seq. "PMWA"), the Pennsylvania Medical Marijuana Act (35 P.S. 1023.101 et seq. - "MMA"), and Pennsylvania Common Law.

2. Ms. London alleges, *inter alia*, that after she raised complaints about unpaid wages, Defendant lodged false accusations that her phone case "smelled like weed" and sent her for a drug test.

3. Defendant then discriminated against Ms. London after she disclosed her disabilities, refused to engage in any interactive process and/or accommodate her, and unlawfully terminated her for using medical marijuana off the clock to treat her aforementioned disabilities.

4. As a direct consequence of Defendant's unlawful actions, Ms. London seeks damages as set forth herein.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. This Court has supplemental jurisdiction over Plaintiff's state law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

6. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

7. Pursuant to 28 U.S.C. § 1391(b)(1)-(2), venue is properly laid in this district because the events giving rise to this lawsuit occurred here and Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

8. Ms. London filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC").

9.    Ms. London has properly exhausted her administrative remedies before initiating this action by timely filing her Charge with the EEOC, and by filing the instant lawsuit within 90 days of receiving the EEOC's Right-to-Sue letter.

**PARTIES**

10.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.    Ms. London is an adult individual, with an address as set forth in the caption.

12.    Defendant is a Pennsylvania non-profit organization with a principal place of business as set forth in the caption.  Defendant owns and operates numerous senior living facilities throughout the Commonwealth of Pennsylvania.

13.    At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**FACTUAL BACKGROUND**

14.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

15.    In or about August 2024, Defendant hired Ms. London and employed her as a Certified Nursing Assistant ("CNA") in the assisted living facility until unlawfully terminating her on or about June 27, 2025, as discussed herein.

16.    Throughout her employment, Ms. London was a hard-working and dedicated employee. Leading up to her termination, Ms. London was primarily supervised by Defendant's Director of Nursing Jennifer Graybill ("Graybill") and Defendant's Assistant Director of Nursing Desiree Brock ("Brock").

17.     Ms. London's job responsibilities as a CNA included general housekeeping tasks such as taking out the trash, helping with laundry, and other assistive tasks (such as applying lotions or helping residents put on socks).

18.     To be clear, Ms. London did not administer medication, assist with any safety-sensitive tasks, nor was she responsible for patient safety or any safety-sensitive functions.

19.     In or about May 2025, Ms. London raised reasonable good-faith concerns that her paychecks were incorrect and that she was not being paid overtime.

20.     The concerns Ms. London raised as aforesaid (as to unpaid overtime), were statutorily protected under the FLSA.  Of course, any concern or complaint (informal or oral) to an employer about overtime concerns is statutorily protected as well. *See e.g. Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1 (2011) (any informal or oral complaints to management of overtime concerns are statutorily protected under the FLSA).

21.     In immediate and retaliatory response, Graybill and Brock suddenly accused Ms. London that they "smelled" marijuana.

22.     Ms. London asked Graybill and Brock if they believed she was impaired, using marijuana at work, or otherwise under the influence, to which Graybill and Brock confirmed they did not, but that they had smelled it on her phone case.

23.     Ms. London was not impaired, and never used marijuana at work. However, she did disclose to her managers that she suffered from severe anxiety, depression, and chronic migraines.

24.     As a result of said disabilities, Ms. London is (at times) substantially limited in performing daily life activities such as interacting with others, processing emotions, and managing pain.

4

25.    To help treat and manage her aforementioned disabilities, Ms. London is a registered medical marijuana user as administered and directed by her treating physicians and disclosed same to her managers.

26.    Ms. London therefore informed her managers that she might test positive for marijuana as she used it off the clock to treat her aforementioned disabilities.

27.    Ms. London was then publicly humiliated and paraded around Defendant's facility to undergo a drug test.

28.    To be clear, Ms. London never used medical marijuana at work, had not displayed any signs of impairment, nor had she been involved in any workplace accidents or incidents.

29.    The only reason Graybill and Brock sent Ms. London for a drug test was in response to her complaints about unpaid overtime and Ms. London's disclosure that she was a registered medical marijuana user with disabilities.

30.    On or about June 6, 2025, Ms. London met with Defendant's HR Manager Warren Atkins ("Atkins") and reiterated that she suffered from her aforementioned disabilities, she required reasonable accommodations, and she was a registered medical marijuana user.

31.    Atkins falsely claimed that because Ms. London was in a "safety-sensitive" position, and thus claimed she could not use medical marijuana, even off the clock.

32.    Of course, the MMA prohibits employers from taking adverse employment actions against employees unless they are both: (a) in a safety-sensitive position; and (b) impaired or under the influence of marijuana *at work*.

33.    Even if Ms. London was in a safety-sensitive position, she was not impaired or otherwise under the influence of marijuana at work, rendering Atkins' assertion flat out wrong.

5

34. Instead of engaging in any semblance of an interactive process as required by the ADA, Atkins placed Ms. London on administrative suspension and gave Ms. London an ultimatum: give up her medical marijuana card or be terminated.

35. There was *no* discussion of alternative positions, modified duties, intermittent or block leave, or any other options such that Ms. London could remain employed.

36. To be clear, Ms. London was not demanding that her use of medical marijuana be accommodated and would have discussed alternative accommodations had Atkins not deprived her of her rights under the ADA.

37. Atkins simply told Ms. London to give up her medical marijuana card, or she would lose her job.

38. On or about June 27, 2025, Atkins then terminated Ms. London's employment, falsely claimed that he had discussed "possible options" with her and falsely claimed that she had "voluntarily resigned."

39. In reality, Atkins had explicitly told Ms. London that if she did not relinquish her medical marijuana card she could not work for Defendant in any capacity – effectively terminating her employment.

**COUNT I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Retaliatory Discharge)**

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. Plaintiff was terminated by Defendant for expressing concerns of unpaid overtime compensation (in violation of the FLSA).

6

42.     Plaintiff's discharge from Defendant for engaging in protected activity under the FLSA constitutes unlawful retaliation under the FLSA. *See supra*; *see also Lambert v. Ackerley*, 180 F.3d 997, 1003-05 (9th Cir.1999)(en banc); *Valerio v. Putnam Assocs. Inc.*, 173 F.3d 35, 44-45 (1st Cir.1999); *EEOC v. Romeo Comty. Sch.*, 976 F.2d 985, 989-90 (6th Cir.1992); *EEOC v. White & Son Enters.*, 881 F.2d 1006, 1011 (11th Cir.1989); *Brock v. Richardson*, 812 F.2d 121, 123-25 (3d Cir.1987); *Love v. RE/MAX of Am., Inc.*, 738 F.2d 383, 387 (10th Cir.1984); *Brennan v. Maxey's Yamaha, Inc.*, 513 F.2d 179, 181 (8th Cir.1975).

**COUNT II**
**Violations of the Americans with Disabilities Act, as amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination;**
**[2] Retaliation; and [3] Failure to Accommodate)**

43.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44.     Plaintiff suffered from qualifying health conditions under the ADA which affected her ability (at times) to perform some daily life activities.

45.     Plaintiff kept Defendant's management informed of her serious health conditions and need for medical treatment throughout her tenure with Defendant.

46.     Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendant.

47.     Defendant asserted that Plaintiff could not perform the role of a CNA due to her disabilities and off-the-clock medical marijuana use.

48.     Defendant refused to engage in any meaningful interactive process to determine whether Plaintiff could be reasonably accommodated despite her disabilities. Instead, Defendant immediately insisted that Plaintiff surrender her medical marijuana card or lose her employment.

49.    Defendant terminated Plaintiff on or about June 27, 2025, in very close proximity to disclosing her disabilities.

50.    Plaintiff believes and therefore avers that she was subjected to discrimination and retaliation because of her (1) actual/perceived/record of disabilities, and (2) Defendant's failure to engage in an interactive process and/or reasonably accommodate Plaintiff.

51.    Plaintiff also believes and therefore avers that her actual/perceived/record of health conditions were a motivating and/or determinative factor in the termination of her employment from Defendant.

52.    These actions as aforesaid constitute violations of the ADA.

**COUNT III**
**Violations of the Pennsylvania Medical Marijuana Act ("MMA")**
**35 P.S. §§ 10231.101, *et seq.***

53.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

54.    Plaintiff has and continues to suffer from "serious medical condition[s]" within the meaning of 35 P.S. § 10231.103.

55.    Plaintiff is a qualifying "patient" within the meaning of 35 P.S. § 10231.103.

56.    Defendants are "employer[s]" within the meaning of 35 P.S. § 10231.2103(b).

57.    Plaintiff was terminated on or about June 27, 2025, because she was a qualified "patient" under the MMA, held a valid Pennsylvania medical marijuana identification card, and refused to surrender it.

58.    Moreover, Plaintiff had worked for Defendants for over a year as a qualified "patient" under the MMA, performing her job duties well and without issue.

59.    Pursuant to 35 P.S. § 10231.2103(b)(1), "No employer may discharge, threaten, refuse to hire or otherwise discriminate or retaliate against an employee . . . solely on the basis of such employee's status as an individual who is certified to use medical marijuana."

60.    Notably, the Eastern District of Pennsylvania has issued a decision in which it predicted that, "the Pennsylvania Supreme Court would find that the General Assembly 'intended to create, . . . by implication, a private cause of action' for Section 2103(b)(1) [of the MMA]." *Hudnell v. Thomas Jefferson Univ. Hosps., Inc.*, 537 F. Supp 3d. 852, 861 (E.D. Pa. Sep. 25, 2020). *See also;  Davis v. Albert M. Higley Co.*, LLC, 769 F. Supp. 3d 357, 363 (W.D. Pa. 2025) (collecting cases).

61.    By terminating Plaintiff because she is a qualified "patient" under the MMA, Defendant has violated the law pursuant to 35 P.S. § 10231.2103(b)(1).

**COUNT IV**
**<u>Common-Law Wrongful Termination – Lawful Use of Medical Marijuana</u>**
**(Public Policy Violation)**

62.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

63.    The passage of the Pennsylvania Medical Marijuana Act ("MMA"), 35 P.S. §§ 10231.101, et seq., made clear that the public policy of the State of Pennsylvania is to provide employment and hiring protections for citizens of the state who qualify for the medical use of marijuana and register as qualifying patients with the Department of Health.

64.    In providing protections from discriminatory hiring/firing decisions based on the medical use of marijuana, the legislature made clear that the public policy of the state was to ensure

that qualified patients were not denied employment opportunities based on their lawful use of medical marijuana for palliative purposes.[1]

65.    Defendant terminated Plaintiff because of her lawful use of medical marijuana and status as a qualified "patient" under the MMA, with a valid Pennsylvania medical marijuana identification card.

66.    Defendant's termination of Plaintiff, for engaging in actions she was lawfully permitted to do, violated public policy. *See Palmiter v. Commonwealth Health Sys., Inc.*, No. 19 CV 1315, 2019 WL 7372712, at *3-4 (Lackawanna C.P. Nov. 22, 2019) ("[The plaintiff] has alleged that [the defendants] terminated her employment on January 29, 2019, on the singular ground that she was a certified medical marijuana user. Such a discharge 'implicates a clear mandate of public policy' as declared by the General Assembly in the unambiguous language of 35 P.S. § 10231.2103(b)(1).").

67.    These actions as aforesaid constitute violations of the public policy of Pennsylvania.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay

---

[1] Pennsylvania courts have recognized the existence of a public policy violation in those instances in which the employee is terminated after he engages in conduct which he is privileged by law to do. *See, e.g.*, *Hodson v. Alpine Manor, Inc.*, 512 F. Supp. 2d 373, 395 (W.D. Pa. 2007) ("[A] recognized facet of public policy may be violated by terminating an employee in retribution for exercising a right protected by a Pennsylvania statute, which, by its plain language, fosters a state public policy.") (citation omitted); *Reitz v. Persing*, 831 F. Supp. 410, 415 (M.D. Pa. 1993) (public policy implicated where termination compromised the employee's First Amendment rights and Pennsylvania constitutional rights to free communication of thoughts); *Rettinger v. American Can Co.*, 574 F. Supp. 306, 311 (M.D. Pa. 1983) (employment terminated in retaliation for filing workers' compensation claim); *Shick v. Shirey*, 552 Pa. 590, 716 A.2d 1231 (Pa. 1998) (for filing a claim for unemployment benefits).

increases, overtime, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered unlawful employment practices, retaliation, and discrimination at the hands of Defendant until the date of verdict;

B.    Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.    Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including compensatory damages including damages for emotional distress;

D.    Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F.    Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

11

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801
akarpf@karpf-law.com
*Attorneys for Plaintiff*

Dated: July 10, 2026

12

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Searina London | : | CIVIL ACTION |
| v. | : | |
| Masonic Villages of the Grand Lodge of Pennsylvania d/b/a Masonic Village at Elizabethtown | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (x )

| | | |
|---|---|---|
| 7/10/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _Defendants place of business_

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                              Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?        Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?        Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.        Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A. *Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B. *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
LONDON, SEARINA

**(b)** County of Residence of First Listed Plaintiff   Dauphin
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

### DEFENDANTS
MASONIC VILLAGES OF THE GRAND LODGE OF PENNSYLVANIA D/B/A MASONIC VILLAGE AT ELIZABETHTOWN

County of Residence of First Listed Defendant   Lancaster
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury – Medical Malpractice | | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |

Personal Injury (second column of TORTS):
| | |
|---|---|
| ☐ 365 Personal Injury – Product Liability | |
| ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | |
| ☐ 368 Asbestos Personal Injury Product Liability | |

**PERSONAL PROPERTY**
| | LABOR |
|---|---|
| ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act |
| ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations |
| ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act |
| ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act |
| | ☐ 790 Other Labor Litigation |
| | ☐ 791 Employee Retirement Income Security Act |

Social Security:
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

Other Statutes (continued):
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |
|---|---|---|
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities – Employment | ☐ 535 Death Penalty |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities – Other | **Other:** |
| | ☐ 448 Education | ☐ 540 Mandamus & Other |
| | | ☐ 550 Civil Rights |
| | | ☐ 555 Prison Condition |
| | | ☐ 560 Civil Detainee – Conditions of Confinement |

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

### V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation – Transfer |
| ☐ 8 Multidistrict Litigation – Direct File | |

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FLSA (29USC201)

Brief description of cause:
Violations of the ADA, FLSA, PMWA, MMA and PA Common Law.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   7/10/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____